BADIAK & WILL, LLP
Attorneys for Plaintiff
106 3rd Street
Mineola, New York 11501
(516) 877-2225
Our Ref. : 07-M-016-JK and 07-F-028-JK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



------------------------------------------------------------x

DU PONT DE NEMOURS INTERNATIONAL, S.A. and
ST. PAUL FIRE & MARINE INSURANCE CO. a/s/o    07 Civ.        (        )
Almatis GmbH,

                    Plaintiffs,               COMPLAINT

       - against -

SAFMARINE CONTAINER LINES B.V.,

                    Defendant.

------------------------------------------------------------x

Plaintiffs, DU PONT DE NEMOURS INTERNATIONAL, S.A., and ST. PAUL

FIRE & MARINE INSURANCE CO. a/s/o Almatis GmbH, by their attorneys, Badiak & Will,

LLP, as and for their Complaint herein against the defendant, alleges upon information and belief

as follows:

       1.  All and singular the following premises are true and constitute admiralty or

maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within

the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

       2.  Plaintiff, DU PONT DE NEMOURS INTERNATIONAL, S.A. (hereinafter

referred to as "Du Pont"), is and was at all times hereinafter mentioned a corporation organized and

existing under and by virtue of the laws of a foreign state, and maintained an office and place of

business at 2, Chemin Du Pavillon, P.O. Box 50, CH-1218 Le Grand Saconnex, Geneva, Switzerland.

 3. Plaintiff Du Pont was the shipper and owner of three of the shipments mentioned hereinafter pursuant to an agreement with the consignees hereinafter mentioned and brings this action on its own behalf and as agent and trustee on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action. The shipper and consignees hereinafter mentioned have performed all conditions required on their part to be performed with respect to the subject shipment.

 4. Plaintiff, ST. PAUL FIRE & MARINE INSURANCE CO. (hereinafter referred to as "St. Paul"), is and was at all times hereinafter mentioned a corporation organized and existing under and by virtue of the laws of the State of Minnesota and provided all-risk cargo insurance for one of the subject shipments hereinafter described, and maintained an office and place of business at 100 Baylis Road, Melville, New York, 11747.

 5. Plaintiff St. Paul has paid the shipper and owner of one of the shipments mentioned hereinafter, Almatis GmbH, pursuant to a marine cargo insurance policy herein before described and brings this action on its own behalf and as agent and trustee on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action. The shipper and consignee hereinafter mentioned have performed all conditions required on their part to be performed with respect to the subject shipment.

6. Defendant, SAFMARINE CONTAINER LINES B.V., (hereinafter "SAFMARINE"), is and was a corporation organized and existing under and by virtue of the laws of a foreign state with an office and place of business c/o Maersk, Inc., Giralda Farms, Madison Avenue, Madison, New Jersey 07940, and is and was at all times hereinafter mentioned, a common carrier by water for hire and owned, chartered, managed and/or otherwise controlled or contracted to use the M.V. SAFMARINE ALGUHAS as a general vessel engaged in the common carriage of merchandise by water for hire between, among others, the port of Antwerp, Rotterdam, Grangemouth and Durban, South Africa.

## AS AND FOR ITS FIRST CAUSE OF ACTION

7. On or before June 6, 2006, there was shipped by Dupont De Nemours, as shipper, and delivered to Safmarine and the M.V. SAFMARINE ALGUHAS, at Rotterdam, as common carriers, a shipment consisting of fluoropolymer resin in ocean shipping container APMU 2704012, then being in good order and condition, and defendant then and there accepted the said shipment so shipped and delivered to them and, in consideration of certain freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to Durban, South Africa, and there deliver same in like good order and condition as when shipped, delivered to and received by them, to Advanced Polymers C.C., the consignee, all in accordance with a service contract and a bill of lading issued by or on behalf of the aforementioned vessel and defendant Safmarine numbered 510111974, dated on or about June 8, 2006.

8. Thereafter the defendant failed to make delivery of the aforementioned shipment in like good order, condition or quantity as when shipped, delivered to and received by them but,

to the contrary, with serious damage, shortage and impaired in value, all in violation of the defendant's obligations and duties as a common carrier of merchandise by water for hire.

9. By reason of the foregoing premises, plaintiff has sustained damage, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $80,000.00.

### AS AND FOR ITS SECOND CAUSE OF ACTION

10. Plaintiffs repeat and reallege all and singular as aforesaid each and every allegation made in paragraphs numbered "1." through "6.", inclusive, as if set forth at length herein.

11. On or before June 2, 2006, there was shipped by the Plaintiff, Dupont De Nemours, as shipper, and delivered to Safmarine and the M.V. SAFMARINE ALGUHAS at Grangemouth, as common carriers, a shipment consisting of mylar polymer film in ocean shipping container APMU 2726536, then being in good order and condition, and defendant then and there accepted the said shipment so shipped and delivered to them and, in consideration of certain freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to the Durban, South Africa, and there deliver same in like good order and condition as when shipped, delivered to and received by them, to Dupont (South Africa) SA, the consignee, all in accordance with a service contract and a bill of lading issued by or on behalf of the aforementioned vessel and defendant Safmarine numbered 510034982, dated on or about June 2, 2006.

12. Thereafter the defendant failed to make delivery of the aforementioned shipment in like good order, condition or quantity as when shipped, delivered to and received by them but,

to the contrary, with serious damage, shortage and impaired in value, all in violation of the defendant's obligations and duties as a common carrier of merchandise by water for hire.

13. By reason of the foregoing premises, plaintiff has sustained damage, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $10,397.66.

## AS AND FOR ITS THIRD CAUSE OF ACTION

14. Plaintiffs repeat and reallege all and singular as aforesaid each and every allegation made in paragraphs numbered "1." through "6.", inclusive, as if set forth at length herein.

15. On or before June 1, 2006, there was shipped by the Plaintiff, Dupont De Nemours, as shipper, and delivered to Safmarine and the M.V. SAFMARINE ALGUHAS at Antwerpen, as common carriers, a shipment consisting of hytrel in ocean shipping container PONU 1579649, then being in good order and condition, and defendant then and there accepted the said shipment so shipped and delivered to them and, in consideration of certain freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to the Durban, South Africa, and there deliver same in like good order and condition as when shipped, delivered to and received by them, to Plastamid (PTY) Ltd., the consignee, all in accordance with a service contract and a bill of lading issued by or on behalf of the aforementioned vessel and defendant Safmarine numbered 510032246, dated on or about June 1, 2006.

16. Thereafter the defendant failed to make delivery of the aforementioned shipment in like good order, condition or quantity as when shipped, delivered to and received by them but,

to the contrary, with serious damage, shortage and impaired in value, all in violation of the defendant's obligations and duties as a common carrier of merchandise by water for hire.

17. By reason of the foregoing premises, plaintiff has sustained damage, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $125,096.10.

### AS AND FOR ITS FOURTH CAUSE OF ACTION

18. Plaintiffs repeat and reallege all and singular as aforesaid each and every allegation made in paragraphs numbered "1." through "6.", inclusive, as if set forth at length herein.

19. On or before June 1, 2006, there was shipped by the Plaintiff'S assured, Almatis, as shipper, and delivered to Safmarine and the M.V. SAFMARINE ALGUHAS at Antwerpen, as common carriers, a shipment consisting of aluminum oxide in ocean shipping containers PONU 0780638 and PONU 0444331, then being in good order and condition, and defendant then and there accepted the said shipment so shipped and delivered to them and, in consideration of certain freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to the Durban, South Africa, and there deliver same in like good order and condition as when shipped, delivered to and received by them, to Lake International Technologies, the consignee, all in accordance with bills of lading issued by or on behalf of the aforementioned vessel and defendant Safmarine numbered BREZI6426 and BREZI7173, both dated on or about June 1, 2006.

20. Thereafter the defendant failed to make delivery of the aforementioned shipment in like good order, condition or quantity as when shipped, delivered to and received by them but,

to the contrary, with serious damage, shortage and impaired in value, all in violation of the defendant's obligations and duties as a common carrier of merchandise by water for hire.

21. By reason of the foregoing premises, plaintiff has sustained damage, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $28,223.52.

WHEREFORE, plaintiff prays:

1. That process in due form of law may issue against defendant citing it to appear and answer all and singular the matters aforesaid;

2. That if defendant cannot be found within this District then all of its property within this District be attached in the sum of $243,717.28, with interest thereon and costs, the sum sued for in this Complaint;

3. That judgment may be entered in favor of plaintiff DU PONT DE NEMOURS INTERNATIONAL, S.A. against defendant SAFMARINE CONTAINER LINES B.V. on the First, Second and Third Causes of Action in the total amount of $215,493.76 and in favor of plaintiff ST. PAUL FIRE & MARINE INSURANCE CO. a/s/o Almatis GmbH and against defendant SAFMARINE CONTAINER LINES B.V. on the Fourth Cause of Action in the total amount of $28,223.52, for judgement in the total amount of $243,717.28, together with interest and costs and the disbursements of this action; and

4. That this Court will grant to plaintiffs such other and further relief as may be just and proper.

Dated:      New York, New York
            December 21, 2007

                            BADIAK & WILL, LLP
                            Attorneys for Plaintiff,
                            Du Pont De Nemours International S.A. and
                            ST. PAUL FIRE & MARINE INSURANCE CO.
                            a/s/o Almatis GmbH


                            By:_____
                               JAMES P. KRAUZLIS (JK-4972)

− 8 −