14-08/WDM/ROSS
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Safmarine Container Lines B.V.
80 Pine Street
New York, New York 10005
(212) 425-1900

Wayne D. Meehan (WM 9102)
James L. Ross (JR 6411)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
DUPONT DE NEMOURS INTERNATIONAL             07 CV 11471 (GBD)
S.A. and ST. PAUL FIRE & MARINE
INSURANCE CO. a/s/o Almatis GmbH,

                Plaintiffs,

    - against -                                  **ANSWER TO COMPLAINT**

SAFMARINE CONTAINER LINES B.V.,

                Defendant.
-------------------------------------------------------

      Defendant, Safmarine Container Lines B.V. (hereinafter "SAFMARINE"), by its attorneys Freehill Hogan & Mahar, LLP, as and for its Answer to the Complaint herein, alleges upon information and belief as follows:

      1.    Admits that the Complaint alleges an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court, but except as so admitted, denies the remaining allegations contained in Paragraph 1 of the Complaint.

      2.    Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 2 of the Complaint.

3. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 3 of the Complaint.

4. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 4 of the Complaint.

5. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 5 of the Complaint.

6. Admits that Defendant SAFMARINE is and was a corporation organized and existing under and by virtue of the laws of a foreign state and that they had chartered the M/V SAFMARINE ALGUHAS, but except as so admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 6 of the Complaint.

7. Admits that the M/V SAFMARINE ALGUHAS received on board at Rotterdam a shipping container APMU2704012 allegedly containing fluoropolymer resin for transportation to Durban, South Africa pursuant to bill of lading 510111974 dated June 8, 2006, but except as so admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 7 of the Complaint.

8. Denies the allegations contained in Paragraph 8 of the Complaint.

9. Admits demand and non-payment, but except as so admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendant SAFMARINE repeats and realleges all of the admissions and denials set forth in Paragraphs numbered 1 through 6, inclusive, as if set forth at length herein, in response to Paragraph 10 of the Complaint.

11. Admits that the M.V. SAFMARINE ALGUHAS received on board at Grangemouth a shipping container APMU2726536 allegedly containing mylar polymer film for transportation to Durban, South Africa pursuant to bill of lading 510034982 dated on or about June 2, 2006, but except as so admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 11 of the Complaint.

12. Denies the allegations contained in Paragraph 12 of the Complaint.

13. Admits demand and non-payment, but except as so admitted, denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendant SAFMARINE repeats and realleges all of the admissions and denials set forth in Paragraph 1 through 6, inclusive, as if set forth at length herein, in response to Paragraph 14 of the Complaint.

15. Admits that the M.V. SAFMARINE ALGUHAS received on board at Antwerp one shipping container PONU1579649 allegedly containing hytrel for transportation to Durban, South Africa pursuant to bill of lading 510032246 dated on or about June 1, 2006, but except as so admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 15 of the Complaint.

16. Denies the allegations contained in Paragraph 16 of the Complaint.

17. Admits demand and non-payment, but except as so admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 17 of the Complaint.

18. Defendant SAFMARINE repeats and realleges all of the admissions and denials set forth in Paragraphs 1 through 6, inclusive, as if set forth at length herein, in response to Paragraph 18 of the Complaint.

19. Admits that the M.V. SAFMARINE ALGUHAS received on board at Antwerp two shipping containers PONU0780638 and PONU0444331 allegedly containing aluminum oxide for transportation to Durban, South Africa pursuant to bills of lading BREZI6426 and BREZI7173 both dated on or about June 1, 2006, but except as so admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 19 of the Complaint.

20. Denies the allegations contained in Paragraph 20 of the Complaint.

21. Admits demand and non-payment, but except as so admitted, denies the remaining allegations contained in Paragraph 21 of the Complaint.

**FIRST DEFENSE**

22. The Complaint fails to state a claim against Defendant SAFMARINE upon which relief may be granted.

**SECOND DEFENSE**

23. Under the terms and conditions of certain contracts of carriage, which govern the rights and liabilities of the parties herein, the Defendant SAFMARINE is not liable.

## THIRD DEFENSE

24. Any liability of the Defendant SAFMARINE, which is denied, is limited in an amount by the terms of the contracts of carriage and the United States Carriage of Goods by Sea Act ('COGSA"), 46 U.S.C. §1300 *et seq.*

## FOURTH DEFENSE

25. If any loss and/or damage was sustained by the shipments referred to in the Complaint, which is denied, such shortage and/or damage was not caused by or contributed to by the Defendant SAFMARINE, and such damage was not sustained by the shipments while in the care, custody or control of the Defendant SAFMARINE.

## FIFTH DEFENSE

26. If any shortage and/or damage was sustained by the shipments referred to in the Complaint, which is denied, such shortage and/or damage was caused by or contributed to by the Plaintiff or others over whom Defendant SAFMARINE has no control and for whom it has no liability.

## SIXTH DEFENSE

27. The shipments referred to in the Complaint was allegedly received, loaded and carried pursuant to the terms of certain bills of lading. Under the terms of said contracts, the Defendant SAFMARINE is not liable or its liability is limited.

## SEVENTH DEFENSE

28. If any loss or damage to the goods, as alleged in the Complaint occurred, such loss or damage arose or resulted from excepted causes under COGSA or the act or

neglect of third-parties over whom the Defendant SAFMARINE has no control and for whom it has no liability.

### EIGHTH DEFENSE

29. The Complaint should be dismissed pursuant to a foreign forum selection clause agreed to in the bill of lading contracts of carriage. Clause 26 of the bills of lading provides that any claim against Defendant SAFMARINE shall exclusively be governed by the law and exclusively determined by the Courts of Belgium, where the Carrier has its registered office.

### NINTH DEFENSE

30. In the event that the Plaintiff can prove damages, Defendant SAFMARINE maintains that the Plaintiff failed to mitigate these damages.

31. The Complaint should be dismissed because the Court lacks personal jurisdiction over Defendant SAFMARINE.

**WHEREFORE**, Defendant SAFMARINE demands judgment dismissing the Plaintiff's Complaint, with prejudice, together with the costs, disbursements and reasonable attorney fees and for such other and different relief as this Court may deem just and proper under the premises.

Dated:   New York, New York
         July 8, 2008

          FREEHILL, HOGAN & MAHAR LLP
          Attorneys for Defendant SAFMARINE
          Container Lines B.V.

By: _____
    James L. Ross (JR6411)
    Wayne D. Meehan (WM 9102)
    80 Pine Street
    New York, New York
    212-425-1900

TO:    Badiak & Will, LLP
       Attorneys for Plaintiffs Dupont De Nemours International S.A.
       and St. Paul Fire & Marine Insurance Co. a/s/o Almatis GmbH
       106 3rd Street
       Mineola, New York 11501
       Attn: James P. Krauzlis, Esq.
       Ref: 07-M-016/JK and
           07-F-028/JK

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK    )

I, Linda L. Urbanowicz, being duly sworn, say: I am not a party to the action, am over 18 years of age and reside at 80 Pine Street, New York, New York 10005. On July 8, 2008, served the within **ANSWER TO COMPLAINT** by ECF and mailing the above, addressed to each of the following persons at the last known address set forth after each name:

>Badiak & Will, LLP
>Attorneys for Plaintiff
>106 3rd Street
>Mineola, New York 11501
>Attn: James P. Krauzlis, Esq.

_____
Linda L. Urbanowicz

Sworn to before me on this
8th day of July 2008.

_____
Notary Public

MARTHA L. BROWN
Notary Public, State of New York
No. 01BR6067399
Qualified in Kings County
Certificate Filed in New York County
Commission Expires December 10, 2009

NYDOCS1/308197.1